**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-61312-CIV-MORENO

SILVIA TERESA OSORIO,

    Plaintiff,

vs.

VERIZON WIRELESS and GUSTAVO BUSMADIS,

    Defendants.
_____/

### ORDER DISMISSING CASE AND DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon a *sua sponte* examination of the record. For the reasons set forth below, this case is DISMISSED. Additionally, all pending motions are DENIED AS MOOT.

In her *in forma pauperis* complaint, the Plaintiff alleges that she was overcharged by Verizon Wireless for her cellular phone. Though she makes scant references to being disabled, there is no discernable federal cause of action under the Americans with Disabilities. At most, Plaintiff's complaint may state a cause of action under state law for breach of contract.

Moreover, under 28 U.S.C. § 1915(e)(2)(B)(i), a court "shall dismiss the [*in forma pauperis* action] at any time if the court determines that . . . the action . . . is frivolous or malicious." According to the United States Supreme Court, a complaint is frivolous "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (discussing dismissals under former section 1915(d), which contained the same language as current section 1915(e)(2)(B)(i)). A court may dismiss claims under section 1915(e)(2)(B)(i) where the claims rest on an indisputably



meritless legal theory or are comprised of factual contentions that are clearly baseless. *Id.* at 327.

In *Neitzke*, the Supreme Court provided several examples of frivolous or malicious claims. Where the defendant is clearly immune from suit, or where the plaintiff alleges infringement of a legal interest which obviously does not exist, then the claim is founded on an indisputably meritless legal theory. *Id.* at 327. Finally, this Court also notes that a *pro se* plaintiff must be given greater leeway in pleading her complaint. *Haines v. Kerner*, 404 U.S. 519 (1972).

Mindful of these principles, the Court proceeds to evaluate Plaintiff's *in forma pauperis* complaint. There is no discernable federal cause of action in Plaintiff's complaint under the Americans with Disabilities Act. Plaintiff's complaint is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) because it does not contain "an arguable basis in law" -- at least under the Americans with Disabilities Act. *Neitzke*, 490 U.S. at 327. After reviewing the entire complaint, the Court concludes that any reference to a federal claim is indisputably meritless. Accordingly, it is

**ADJUDGED** that this case is DISMISSED, and all pending motions are DENIED AS MOOT. This case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of August, 2006.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Silvia Teresa Osorio, *pro se*
P.O. Box 1761
Fort Lauderdale, FL 33302